1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

WILLIAM G. MOORE,

Plaintiff,

11

12

v.

13

UNITED STATES OF AMERICA,

14

Defendant.

Case No. C09-5419
             CR95-5415

ORDER DISMISSING SUCCESSIVE
PETITION AND DENYING MOTION FOR
RETURN OF PROPERTY

15

16

17

        This matter comes before the Court on Defendant William G. Moore's petition for writ of

18

habeas corpus pursuant to 28 U.S.C. § 2255, and motion for return of property.  The Court, having

19

reviewed the petition, the motion, the response and the record herein, is fully informed and hereby

20

dismisses Petitioner's § 2255 petition on the basis that the Court is without jurisdiction to consider a

21

successive petition, and denies the motion for return of property as without merit.

22

        Mr. Moore was convicted in October 1995 of Conspiracy to Manufacture

23

Methamphetamine, Conspiracy to Money Launder, and Aiding and Abetting the Manufacture of

24

Methamphetamine.  Petitioner was sentenced to life imprisonment on June 28, 1996.  Petitioner has

25

occupied this Court's docket with numerous motions and petitions for post-conviction relief,

26

ORDER - 1

including at last count twelve successive petitions for habeas corpus relief.[1]

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This same statute provides however, that the district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; Allen, 158 F.3d at 664. Neither the record nor any evidence submitted by Petitioner Moore shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.[2] The petition for writ of habeas corpus relief is dismissed.[3]

---

[1] The government's response sets forth in detail the countless pleadings filed by Mr. Moore during his incarceration [Dkt. # 7]

[2] Petitioner has also filed an "Objection to Delay and Motion for Release" [Dkt # 6]. This is yet another request for § 2255 relief that is **DISMISSED**.

[3] The Court declines to transfer the successive petition to the Court of Appeals for review as Petitioner has been informed in prior orders of this Court that the proper forum for successive §

ORDER - 2

1    Petitioner's motion for return of property is without merit. The motion for return of seized

2    property has been fully litigated in this Court and affirmed on appeal. Indeed, it was the subject of

3    no less than two appeals to the Ninth Circuit. Because items at issue in the motion were the subject

4    of a legal judicial forfeiture order affirmed by the Ninth Circuit, of which he had full notice, he

5    cannot now seek return of the property. See United States v. Elias, 921 F. 2d 870 (9th Cir. 1990);

6    United States v.Currency $83,310.78, 851 F. 2d 1231, 1234-35 (9th Cir. 1988). In addition, because

7    the status of this property has been the subject of at least two appeals to the Ninth Circuit, the law of

8    the case doctrine precludes reexamination of these issues now. See United States v. Smith, 389 F.3d

9    944, 948 (9th Cir. 2004). Accordingly, Petitioner's motion for return of property is denied.

10

11        ACCORDINGLY;

12        IT IS ORDERED:

13        (1)    Petitioner's writ for habeas corpus under title 28 U.S.C. § 2255 [Dkt. # 1] is

14               **DISMISSED** as a successive petition.

15        (2)    Petitioner's consolidated motion for return of properties [Dkt. # 4] is **DENIED**.

16

17        DATED this 13th day of October, 2009.

18

19                                                      _____
                                                        FRANKLIN D. BURGESS
20                                                      UNITED STATES DISTRICT JUDGE

21

22

23

24    _____

25    2255 petitions is the Ninth Circuit.

26    ORDER - 3